MAINE SUPREME JUDICIAL COURT          Reporter of Decisions
Decision:    2026 ME 77
Docket:      Pen-25-563
Submitted
  On Briefs:  June 16, 2026
Decided:     August 4, 2026

Panel:       STANFILL, C.J., and LAWRENCE, DOUGLAS, and TAUB, JJ., and HORTON, A.R.J.

KATHLEEN M. BARRON

v.

JOHN D. BARRON

TAUB, J.

[¶1]   John D. Barron appeals from a divorce judgment issued by the District Court (Bangor, *Roberts, A.R.J.*) dissolving his marriage to Kathleen M. Barron.  John contends that the court erred in distributing marital property because it used information from Kathleen's 2022 financial statement instead of information from her 2024 financial statement.[1]   We agree, vacate the judgment in part, and remand for further proceedings.  We also deny Kathleen's motion for sanctions, which argues that John's appeal is frivolous.

---

[1] Because the parties share the same surname, we refer to them by their given names.

## I. BACKGROUND

[¶2] Kathleen filed for divorce from John in 2022. In 2022, both Kathleen and John filed financial statements as required by M.R. Civ. P. 108(c). On May 15, 2024, prior to the final hearing on May 31, 2024, Kathleen filed an updated financial statement as required by M.R. Civ. P. 108(d)(4). John did not file an updated financial statement.

[¶3] At the final hearing, the only issues were spousal support and the division of marital property. Kathleen entered her 2024 financial statement in evidence and testified as to its contents. Kathleen also entered John's 2022 financial statement in evidence. Neither Kathleen's 2022 financial statement nor an updated financial statement from John were entered in evidence.

[¶4] After the hearing, the parties submitted proposed calculations for the division of their marital property. In her proposed calculation, Kathleen did not use the information from her testimony or her 2024 financial statement. Instead, she used both her and John's 2022 financial statements and calculated that John owed her an equalization payment of $57,790.17.[2]

---

[2] The major difference between Kathleen's two financial statements is that the value of Kathleen's 401(k) account grew from $66,399.96 in 2022 to $80,978.18 in 2024. If Kathleen had used the 2024 value of her 401(k) in her calculations rather than the 2022 value, the equalization payment would have been reduced by approximately $7,000.

[¶5]   In its divorce judgment, the trial court distributed the parties' personal property and, evidently accepting Kathleen's post-trial calculations, ordered John to pay Kathleen $57,790.17 to equalize the distribution.[3]   John appealed, primarily challenging the trial court's findings in support of its calculation of the equalization payment.  *Barron v. Barron*, 2025 ME 51, ¶ 7, 339 A. 3d 782.  We concluded that there was "nothing in the divorce judgment that allow[ed] us to review the required independent judicial assessment of valuation evidence, which is particularly necessary when the trial court adopts one party's calculations *in toto*."  *Id.* ¶ 9.  We vacated the judgment as to the distribution of property and remanded for further proceedings.  *Id.* ¶ 10.

[¶6]   On remand, the trial court made additional findings.  As relevant here, the court found that Kathleen's "testimony was credible and consistent with her financial statements" and that John's testimony regarding his finances was not credible.  The court further found that the parties' financial accounts are "valued at the amounts indicated in the admitted financial statements."  The court adopted Kathleen's post-trial valuations of the parties' property, which Kathleen had derived from the parties' 2022 financial statements.  The court

---

[3] The court declined to award spousal support to either party.

4

did not amend any part of its earlier judgment. John filed a motion for further findings, which the court denied.

[¶7] John timely appealed. *See* M.R. App. P. 2B(c)(2). Kathleen seeks sanctions, *see* M.R. App. P. 13(f), arguing that John's appeal is frivolous.

## II. DISCUSSION

[¶8] On appeal, John argues that the trial court abused its discretion when it used Kathleen's 2022 financial statement (instead of her 2024 financial statement) to "sanction" John for failing to file an updated financial statement.[4] Kathleen argues that John already presented this argument to us in his earlier appeal, and, citing *Twin Island Development Corp. v. Ross*, 522 A.2d 901, 902 (Me. 1987), argues that "Maine law does not permit a party to use a successive appeal to reargue matters already presented, or that could have been presented, in the first appeal."

[¶9] Although Kathleen does not refer to the doctrine by name, her citation to *Twin Island Development Corp.* suggests that she is arguing that principles of res judicata foreclose John from challenging the trial court's use of

---

[4] In a single sentence in the summary of his argument, John asserts that the court erred by "finding that [John's] retirement accounts were marital assets." Because he offers no argument in support of this contention, he has waived the issue. *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290; Alexander, *Maine Appellate Practice* § 404 at 242 (6th ed. 2022) ("An issue may be viewed as waived or forfeited for lack of appellate development if it is addressed in briefing only in a perfunctory manner that does not demonstrate some effort to articulate the argument.").

Kathleen's 2022 financial statement. 522 A.2d at 902. Res judicata "has developed two separate components, issue preclusion and claim preclusion." *Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595. Claim preclusion, which seems to be what Kathleen is arguing here, "bars relitigation if[] (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were[] or might have been litigated in the first action." *Id.* (quotation marks omitted).

[¶10] Claim preclusion does not apply here for two reasons. First, there is no prior action. Rather, Kathleen argues preclusion based on a prior appeal in *this* action. Second, there is no final judgment. In the earlier appeal, we vacated the judgment and remanded for further proceedings but explicitly declined to reach the issue John raises in this appeal. *Barron*, 2025 ME 51, ¶¶ 3 n.1, 10, 339 A.3d 782. Res judicata thus does not prohibit John from challenging the trial court's use of Kathleen's 2022 financial statement.[5]

---

[5] An issue-preclusion argument would have the same outcome, as issue preclusion applies only when an "identical issue was determined by a prior final judgment . . . in a prior proceeding," and there was no final judgment on the financial-statement issue. *Machias Sav. Bank*, 1997 ME 20, ¶ 11, 689 A.2d 595 (quotation marks omitted); *Barron*, 2025 ME 51, ¶ 10, 339 A.3d 782.

Unlike the res judicata doctrine, which applies to proceedings in different cases, the law-of-the-case doctrine applies to proceedings within the same case. In one of its applications, the doctrine "limit[s] relitigation of issues decided . . . in an earlier appeal of the same case." Alexander, *Maine Appellate Practice* § 408(b) at 246 (6th ed. 2022); *see also Blance v. Alley*, 404 A.2d 587, 589

6

[¶11] We now turn to the merits. John's argument is that the trial court used Kathleen's 2022 financial statement to sanction him for failing to file an updated financial statement. His basis for this contention is unclear. Kathleen never requested that John be sanctioned, and nothing in the trial court's decision suggests that it intended to sanction John. But whatever the court's reason for using Kathleen's 2022 financial statement in dividing marital property, it was error for the court to do so because the statement was never admitted in evidence. The only financial statements in the evidentiary record are Kathleen's from 2024 and John's from 2022. Although Kathleen filed her 2022 statement with the court, she never moved for its admission in evidence, and it is not part of the evidentiary record.

[¶12] Moreover, Kathleen testified that the value of the 401(k) account was the amount reflected in her 2024 financial statement, thus disavowing the value reflected in her 2022 financial statement. Because Kathleen's 2022 financial statement was not in evidence, we must vacate the trial court's distribution of assets and calculation of the equalization payment. Although "we will not substitute our judgment for that of the trial court as to the weight

---

(Me. 1979). Because in the earlier appeal we did not decide whether the trial court erred in using Kathleen's 2022 financial statement, the law-of-the-case doctrine does not apply. *See Raymond v. Raymond*, 480 A.2d 718, 722 (Me. 1984) ("Where the appellate court does not address a particular issue, it does not establish the law of the case on that issue.").

or credibility of the evidence," when there is no evidence in the record to "rationally support the court's result," the court has clearly erred. *Sloan v. Christianson*, 2012 ME 72, ¶ 29, 43 A.3d 978. Here, the only evidence regarding the value of Kathleen's property was her 2024 financial statement and her testimony about that statement. Although the trial court purported to base its valuation of the parties' financial accounts on "the amounts indicated in the admitted financial statements," it then used Kathleen's 2022 financial statement, which was never admitted. Because there is no competent evidence in the record to support the trial court's distribution of property and calculation of the equalization payment, we vacate the judgment and remand for further findings.

[¶13] On remand, the court, in its discretion, may address these issues in the manner that it deems best, which may include reopening the evidence should it choose to do so. And because John's appeal not only is not frivolous but is successful, we deny Kathleen's motions for sanctions.

The entry is:

> Judgment vacated as to the distribution of property. The remainder of the judgment is affirmed. Motion for sanctions denied. Remanded for further proceedings consistent with this opinion.

Zachary Brandmeir, Esq., Bangor, for appellant John D. Barron

James C. Munch, III, Esq., Vafiades, Brountas & Kominsky, Bangor, for appellee Kathleen M. Barron

Bangor District Court docket number DIV-2022-149
FOR CLERK REFERENCE ONLY